**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted April 26, 2005[*]
Decided April 29, 2005

**Before**

Hon., JOHN L. COFFEY, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-1765

| | |
|---|---|
| LING MEI HUANG, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals |
| *v.* | No. A77 353 495 |
| ALBERTO GONZALES, *United States Attorney General*, *Respondent*. | |

**O R D E R**

Ling Mei Huang, a native of China, petitions for review of the Board of Immigration Appeals decision denying her motion to reopen her removal proceedings to adjust her status based on her marriage to a United States citizen. The BIA denied her motion and we affirm.

In February 2001, Huang entered the United States at Los Angeles International Airport. In her initial interview at the airport, she claimed that her traveling companion was her boyfriend, that she was single, and that she obtained

---

[*]After examining the briefs and record, we conclude that oral argument is unnecessary. Accordingly, this appeal is submitted on the briefs and record. *See* Fed. R. App. P. 34(a)(2).

her visa from a United States embassy official. In fact her companion was a "snakehead," a paid smuggler, whom she met only hours before departing China, and he provided her fraudulent travel documents. Huang did not request asylum during the initial interview, representing that she had not been harmed in China, and did not fear returning. Only later did she file a formal application for asylum, withholding of removal, and protection under the Convention Against Torture, claiming that she was persecuted in China when she was forced to abort her child, prohibited from getting married, and forced to leave her employment. She also claimed fear of persecution if she returned to China because the Chinese government would use her to "get to" her fiancé.

In a hearing in October 2001, Huang testified that she was forced to have an abortion when in the course of a hospital visit, Chinese doctors discovered she was two months pregnant. Officials told her that the reason for the abortion was that she was unmarried, and that her fiancé was under warrant as a Falun Gong organizer. Soon after the abortion, she was fired from her job because the government made frequent disruptive visits to her workplace to inquire about her fiancé, violating company rules and damaging the company's reputation. When she was unable to find other work, she paid a smuggler $8,000 to bring her to the United States.

The IJ denied Huang's application on grounds that her testimony about forced abortion was incredible. In reaching this conclusion, the court pointed out that the abortion certificate Huang submitted was likely fraudulent because, according to the State Department's Profile for China, the Chinese government issues an abortion certificate only for voluntary abortions. The IJ also concluded that Huang failed to establish that she was likely to suffer persecution if returned to China because she failed to present evidence that she was likely to be singled out for persecution on the basis of her fiancé's affiliation with the Falun Gong movement. The BIA affirmed without opinion.

While the BIA's decision was pending, however, Huang had married a United States citizen and on this basis filed before the Board a "Motion to Reconsider," seeking an adjustment of status. In support of her motion she attached 1) a copy of a "Petition for Alien Relative;" 2) a "Petition for Adjustment of Status;" 3) her husband's birth certificate; 4) her own birth certificate; and 4) a copy of her employment authorization application and work permit. The BIA denied the motion because there was "insufficient supporting documentation to establish the bona fides of the marriage," as required by 8 C.F.R. § 125.1(c)(9).

With the aid of a different attorney, Huang subsequently filed another motion to reopen claiming that her motion now complied with the requirements of 8 C.F.R. § 125.1(c)(9) and pointing out that her previous counsel admitted to the Board that

his failure to sufficiently support the first motion was due to his ineffective assistance.  With the second motion, Huang submitted letters from friends and family attesting to the couple's honest affection for each other, family photographs, documentation of joint insurance and bank accounts, and receipts from joint utilities and accommodations.  The BIA denied this motion, citing  8 C.F.R. § 1003.2(c)(2), which provides that immigrants in removal proceedings are limited to one motion to reopen.

In her brief on appeal, Huang contends generally that she presented sufficient documentation in her first motion to reopen to establish "prima facie" evidence that her marriage was bona fide.  According to Huang, the "normal procedure for the Bureau of Citizenship and Immigration Services to determine bona fides of the marriage is to conduct an interview and/or a field investigation."

We review the denial of a motion to reopen for abuse of discretion and will uphold the denial "unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination." *Awad v. Ashcroft*, 328 F.3d 336, 341 (7th Cir. 2003).

Generally, an alien may not have her status adjusted based on marriage while removal proceedings are pending.  8 U.S.C. 1255(e)(1).  The regulations carve out an exception, however, for a petitioner in removal proceedings who establishes by clear and convincing evidence that she has entered into a legal marriage in good faith, and not to procure admission as an immigrant.  8 C.F.R. § 245.1(c)(9); 8 C.F.R. § 204.2(a)(6)(iii)(A), (B)(1-6); *In re Velarde-Pacheco*, 23 I. & N. Dec. 253, 256 (BIA 2002); *see also Malhi v. I.N.S.*, 336 F.3d 989, 993-994 (9th Cir. 2003).  Section 204.2(a)(6)(iii)(B) suggests several types of evidence that may satisfy the petitioner's burden to demonstrate her motivation for marriage:

1) Documentation showing joint ownership of property;
2) Lease showing joint tenancy of a common residence;
3) Documentation showing commingling of financial resources;
4) Birth certificate(s) of child(ren) born to the petitioner and beneficiary
5) Affidavits of third parties having knowledge of the bona fides of the marital relationship ( . . . Each affidavit must contain the full name and address, date and place of birth of the person making the affidavit and his or her relationship to the spouses, if any.  The affidavit must contain complete information and details explaining how the person acquired his or her knowledge of the marriage.  Affidavits should be supported, if possible, by one or more types of documentary evidence listed in this paragraph); or
6) Any other documentation which is relevant to establish that the marriage was not entered into in order to evade the immigration laws of the United States.

   Huang failed to submit any such relevant evidence showing that she married in good faith.  Because Huang presented no evidence of a bona fide marriage in her first motion to reopen, we cannot say that the BIA abused its discretion in denying it.  Nor can we say that the Board abused its discretion to abide by the limitations on filing successive motions to reopen.  *See* 8 C.F.R. § 1003.2(c)(2); *Simition v. Ashcroft*, 393 F.3d 733, 736-37 (7th Cir. 2004); *Joshi v. Ashcroft*, 389 F.3d 732, 734-35 (7th Cir. 2004).  We affirm the BIA's denial of Huang's second motion to reopen for adjustment of status based on marriage and therefore DENY the petition for review.