**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 08-1204**

---

MARGARITA MARCELLANA ARCEGA,

Petitioner,

v.

MICHAEL B. MUKASEY, Attorney General; MICHAEL CHERTOFF,
Secretary, Department of Homeland Security; GREGORY L.
COLLETT, District Director, Office of Detention and Removal
Operations, Department of Homeland Security Immigration and
Customs Enforcement; CALVIN MCCORMICK, Field Office
Director, Office of Detention and Removal Operations,
Department of Homeland Security Immigration and Customs
Enforcement; GEORGE WILLIAM MAUGANS, III, Chief Counsel,
Department of Homeland Security Immigration and Customs
Enforcement,

Respondents.

---

**No. 08-1422**

---

MARGARITA MARCELLANA ARCEGA,

Petitioner,

v.

MICHAEL B. MUKASEY, Attorney General; MICHAEL CHERTOFF,
Secretary, Department of Homeland Security; GREGORY L.
COLLETT, District Director, Office of Detention and Removal
Operations, Department of Homeland Security Immigration and
Customs Enforcement; CALVIN MCCORMICK, Field Office
Director, Office of Detention and Removal Operations,

Department of Homeland Security Immigration and Customs Enforcement; GEORGE WILLIAM MAUGANS, III, Chief Counsel, Department of Homeland Security Immigration and Customs Enforcement,

       Respondents.

---

On Petitions for Review of Orders of the Board of Immigration Appeals.

---

Submitted: November 5, 2008       Decided: December 5, 2008

---

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Petitions denied by unpublished per curiam opinion.

---

Rachel S. Ullman, YANG & ULLMAN, P.C., Silver Spring, Maryland, for Petitioner. Gregory G. Katsas, Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Matt A. Crapo, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Margarita Marcellana Arcega, a native and citizen of the Philippines, petitions for review of orders of the Board of Immigration Appeals ("Board") denying her motions to reopen and to reconsider. We deny the petitions for review.

An alien may file one motion to reopen within ninety days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C) (2006); 8 C.F.R. § 1003.2(c)(2) (2008). A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1) (2008). It "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id.

We review the denial of a motion to reopen for abuse of discretion. 8 C.F.R. § 1003.2(a) (2008); INS v. Doherty, 502 U.S. 314, 323-24 (1992); Barry v. Gonzales, 445 F.3d 741, 744 (4th Cir. 2006). A denial of a motion to reopen must be reviewed with extreme deference, since immigration statutes do not contemplate reopening and the applicable regulations disfavor such motions. M.A. v. INS, 899 F.2d 304, 308 (4th Cir. 1990) (en banc). This court will reverse the Board's denial of

3

a motion to reopen only if the denial is "arbitrary, capricious, or contrary to law." Barry, 445 F.3d at 745. "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (2006). The Board's decision need only be reasoned, not convincing. M.A., 899 F.2d at 310.

It is uncontroverted that the motion to reopen was untimely as it was filed more than ninety days after the Board dismissed Arcega's appeal. We find the Board did not abuse its discretion in finding that the ninety day period should not be equitably tolled. The evidence before the Board, including the letters sent by Arcega's counsel during the course of the appeal to the Board and immediately after the dismissal order was entered, does not compel a different result. We further find we are without jurisdiction to review the Board's discretionary decision denying relief under 8 U.S.C. § 1229a(c)(7)(C)(iv)(III) (2006). See 8 U.S.C. § 1252(a)(2)(B)(ii) (2006); see, e.g., Okpa v. INS, 266 F.3d 313, 317 (4th Cir. 2001). The Board's findings that Arcega failed to show extraordinary circumstances as a result of her counsel's ineffectiveness or that her removal would cause an extreme hardship on her children were issues of fact and not law. See Zhu v. Gonzales, 493 F.3d 588, 595-96 (5th Cir. 2007); Ignatova v. Gonzales, 430 F.3d 1209, 1213 (8th Cir. 2005). We further find we are without jurisdiction to

4

review the Board's decision not to sua sponte reopen the proceedings.  See, e.g., Tamenut v. Mukasey, 521 F.3d 1000, 1004 (8th Cir. 2008)  Accordingly, we find the record does not compel a different result and the Board did not abuse its discretion in denying the motion to reopen.

We review the Board's decision to deny the motion to reconsider for abuse of discretion.  INS v. Doherty, 502 U.S. 314, 323-24 (1992); see 8 C.F.R. § 1003.2(a) (2008).  A motion for reconsideration asserts that the Board made an error in its earlier decision, Turri v. INS, 997 F.2d 1306, 1311 n.4 (10th Cir. 1993), and requires the movant to specify the error of fact or law in the prior Board decision.  8 C.F.R. § 1003.2(b)(1) (2008); Matter of Cerna, 20 I. & N. Dec. 399, 402 (B.I.A. 1991) (noting that a motion to reconsider questions a decision for alleged errors in appraising the facts and the law).  The burden is on the movant to establish that reconsideration is warranted. INS v. Abudu, 485 U.S. 94, 110 (1988).  "To be within a mile of being granted, a motion for reconsideration has to give the tribunal to which it is addressed a reason for changing its mind."  Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004). Motions that simply repeat contentions that have already been rejected are insufficient to convince the Board to reconsider a previous decision.  Id.

We find the Board did not abuse its discretion in denying the motion to reconsider. Insofar as the Board may have made a factual error concerning whether Arcega had notice of the Board's order dismissing her appeal, we find there was sufficient evidence in the record supporting the Board's decision that Arcega did not establish she did not have notice as a result of counsel's ineffectiveness. Arcega failed to show how the Board erred as a matter of law or fact in reaching that decision.

Accordingly, we deny the petitions for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITIONS DENIED