NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 24, 2012
Decided April 30, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-2900

| | |
|---|---|
| LING MEI HUANG,<br>*Petitioner,*<br><br>*v.*<br><br>ERIC H. HOLDER, JR.,<br>Attorney General of the United States,<br>*Respondent.* | Petition for Review of an Order of the<br>Board of Immigration Appeals.<br><br>No. A077-353-495 |

**O R D E R**

Ling Mei Huang, a native of China (Fujian province), petitions for review of an order of the Board of Immigration Appeals denying her motion to reopen removal proceedings (her third such motion) to allow her to apply for relief as a battered spouse and, in the alternative, to allow her to reapply for asylum, withholding of removal, and protection under the Convention Against Torture. We deny the petition.

The background facts of this case are detailed in an earlier order upholding the Board's denial of her second motion to reopen, *Huang v. Gonzales*, 130 F. App'x 814 (7th Cir. 2005), but we summarize them here. In 2001 Huang entered the United States at Los

Angeles International Airport using fraudulent travel documents. When interviewed by immigration officials at the airport, she told them that she had no fear of returning to China. Later, however, she applied for asylum, withholding of removal, and CAT protection, asserting that she had been persecuted by Chinese authorities who, among other things, forced her to abort her child. After a hearing, the Immigration Judge denied Huang's application because her testimony about the abortion was not credible and an abortion certificate she submitted was likely fraudulent. The Board of Immigration Appeals affirmed without opinion. Around this time Huang sought to reopen removal proceedings based on her recent marriage to a United States citizen, but the Board denied this motion because there was insufficient evidence that the marriage was bona fide. A later motion to reopen was also denied because aliens are allowed only one motion to reopen, 8 C.F.R. § 1003.2(c)(2), and this court affirmed. *Huang,* 130 F. App'x at 817.

Huang did not leave the United States and in 2011—more than seven years after the Board upheld the IJ's removal order—filed a third motion to reopen, asserting two bases for relief that are relevant here. First, she sought to adjust her status as a self-petitioner under the Violence Against Women Act, 8 U.S.C. § 1229b(b)(2)(A), based on abuse by her ex-husband. Under the VAWA, aliens who are subject to a final order of removal but who are victims of spousal abuse may seek reopening within a year of a final removal order—a deadline that the Attorney General can waive in his discretion if the alien can demonstrate extraordinary circumstances or extreme hardship to a child. *See* 8 U.S.C. § 1229a(c)(7)(C)(iv)(III).  Huang argued that her return to China would cause extreme hardship to her two daughters (who were born during a second marriage that ended just before she filed her motion) because they would be subject to China's one-child policy once they got older and might be denied social services. She relied on a 2010 report from a Hong Kong-based activist group, Chinese Human Rights Defenders, stating that violators of the one-child policy, if they do not pay fines, often have trouble obtaining a "hukou"—family registration, a necessary precondition for her children to obtain education and other services. Second, Huang sought to reapply for asylum, withholding of removal, and CAT Protection based on changed country conditions that could not have been presented earlier, namely stricter enforcement of China's one-child policy. *See* 8 C.F.R. § 1003.2(C)(3)(ii). She based her argument on an unsworn statement from a woman from her hometown, who said that she had been forced to undergo tubal ligation surgery; a 2009 report from the State Department stating that one parent is "often pressured to undergo sterilization" after a couple has two children; and a purported notice from the local family planning office that she will be punished with fines and forced to undergo tubal ligation surgery upon her return.

The BIA denied Huang's motion as untimely filed and numerically barred. For the VAWA claim, the board declined to waive the filing deadline, concluding that Huang had not established that waiver was necessary to prevent extreme hardship to her daughters. Although the children will likely experience some hardship, the Board reasoned, Huang had not provided evidence that the children would be deprived of educational opportunities; moreover, the children had been exposed to their mother's native language and will have a support system of family members in China. The Board also concluded that Huang had failed to establish changed country conditions: the State Department report described China's one-child policy in terms basically unchanged from an earlier report; the statement purportedly from a victim (from Huang's hometown) of forced sterilization was unsworn; and the letter from local authorities telling her that she will be punished for violating the one-child policy had not been authenticated under 8 C.F.R. § 1287.6.

In her petition Huang argues that the Board erred in declining to grant her a waiver under the VAWA because the Board ignored evidence that the children would face extreme hardship if she were returned to China. She points to evidence that her children would be deprived of educational opportunities in China, as reflected in the report from the Chinese Human Rights Defenders. The government, however, characterizes Huang's claim as a challenge to the Board's weighing of the evidence and argues that this court lacks jurisdiction to review the Attorney General's discretionary determination to grant or deny a waiver of the time limit under the VAWA. Huang acknowledges that this court does not have jurisdiction over discretionary determinations, but counters that she is asserting a legal claim—that the Board failed to consider evidence—which this court does have jurisdiction to review.

The parties are correct to assume that we lack jurisdiction to review the Board's discretionary determination regarding the denial of a waiver under the VAWA. Under 8 U.S.C. § 1252(a)(2)(B)(ii), we do not have jurisdiction over "any . . . decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General." That subchapter includes the VAWA, which provides that "the Attorney General may, *in the Attorney General's discretion*, waive this time limitation in the case of an alien who demonstrates extraordinary circumstances or extreme hardship to the alien's child." *Id*. § 1229a(c)(7)(C)(iv)(III) (emphasis added); *see Arcega v. Mukasey,* 302 F. App'x 182, 184 (4th Cir. 2008) (nonprecedential disposition) (VAWA's "extreme hardship" determination falls within § 1252(a)(2)(B)(ii)'s jurisdictional bar); *Okereke v. Att'y Gen.,* 272 F. App'x 460, 462 (3d Cir. 2008) (nonprecedential disposition) (same).

But we retain jurisdiction to review the Board's ruling to the extent that Huang presents a constitutional claim or question of law. *See* 8 U.S.C. § 1252(a)(2)(D); *Torres-Tristan v. Holder,* 656 F.3d 653, 658 (7th Cir. 2011). Huang contends that the Board's conclusion that she had "not provided evidence" that her daughters would be deprived of educational opportunities is belied by the Chinese Human Rights Defenders report explaining that children of Chinese parents who violate the one-child policy are often denied a hukou—and thus access to education—unless they pay fines. We have recognized that a contention that the Board "completely ignored the evidence put forth by a petitioner is an allegation of legal error." *Iglesias v. Mukasey,* 540 F.3d 528, 531 (7th Cir. 2008). In other words, the Board commits legal error when it fails to exercise its discretion at all. *See Munoz-Pacheco v. Holder,* No. 11-2444, slip op. at 5–6 (7th Cir. Mar. 14, 2012); *Kiorkis v. Holder,* 634 F.3d 924, 928–29 (7th Cir. 2011); *Champion v. Holder,* 626 F.3d 952, 956 (7th Cir. 2010); *Huang v. Mukasey,* 534 F.3d 618, 620 (7th Cir. 2008); *Kucana v. Mukasey,* 533 F.3d 534, 548–39 (7th Cir. 2008), *rev'd sub nom.,* 130 S. Ct. 827 (2010). Huang slips through this narrow jurisdictional window by asserting that the Board ignored her evidence.

Nonetheless, there was no legal error here. The Board need only "'consider the issues raised[] and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.'" *Solis-Chavez v. Holder,* 662 F.3d 462, 469 (quoting *Iglesias,* 540 F.3d at 531). The Board acknowledged the "various reports" Huang submitted and that her daughters "will likely experience some hardship" and weighed this consideration against positive factors, such as family support and familiarity with the Chinese language. And indeed the report from Chinese Human Rights Defenders explaining that children of parents who violate the one-child policy are denied a hukou unless they pay fines was not evidence that her children would be denied education—the report says nothing about parents whose children are born outside of China, and Huang never even asserted that she would not be able to pay whatever fines may apply to her.

Huang next argues that the Board abused its discretion in concluding that she had not established a material change in China's enforcement of its one-child policy, rehashing the arguments she made to the Board. But Huang cannot rely on the fact that she had two children in the United States after she was ordered removed; those are changes in personal circumstances, not country conditions. *See Liang v. Holder,* 626 F.3d 983, 988 (7th Cir. 2010); *Joseph v. Holder,* 579 F.3d 827, 834 (7th Cir. 2009); *Chen v. Gonzales,* 498 F.3d 758, 760 (7th Cir. 2007). Nor can she rely on the notice from authorities that she would be forcibly sterilized; that notice was not properly authenticated under 8 C.F.R. § 1287.6 and thus the Board did not act unreasonably in rejecting it. *See Liang,* 626 F.3d at 990-91; *Lin v. Holder,* 626 F.3d 983, 990 (7th Cir. 2010); *Huang v. Mukasey,* 534 F.3d 618, 622 (7th Cir. 2008). Accordingly, the petition is **DENIED**.