**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3229
_____

SEYDOU NOUROU WANE,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an
Order of the Board of Immigration Appeals
(Agency No. A098-582-862)
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 13, 2024
_____

Before:  CHAGARES, Chief Judge, ROTH and RENDELL, Circuit Judges

(Filed: September 16, 2024)

_____

OPINION[*]
_____

**CHAGARES**, Chief Judge.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Seydou Nourou Wane petitions for review of an order of the Board of Immigration Appeals ("BIA") denying a motion to reopen. For the reasons that follow, we will deny the petition for review.

I.[1]

Wane is a native and citizen of Mauritania who has been in the United States since overstaying a visa in 2003. An Immigration Judge denied his application for asylum and related relief in late 2005 and the BIA dismissed his appeal.

Wane filed his first motion to reopen in 2007, seeking to pursue an application for adjustment of status based upon his marriage to a United States citizen. The BIA denied the motion. Wane moved for reconsideration but, because he attempted to present additional evidence, the BIA interpreted the motion as a second motion to reopen and denied it as time- and number-barred.[2]

Wane filed another motion to reopen in 2021, seeking to pursue adjustment of status based on an approved self-petition as the spouse of the United States citizen who has been subject to abuse under the Violence Against Women Act ("VAWA"). The BIA denied the motion.

Wane filed the motion to reopen that is the subject of this petition for review in August 2022, again claiming that he is entitled to reopening based on an approved VAWA self-petition. The BIA determined that the motion was time- and number-barred.

---

[1] We write for the parties and therefore recite only those facts pertinent to our decision.
[2] Wane petitioned our Court for review of the BIA's initial decision denying relief, its denial of reopening, and its denial of reconsideration. We consolidated the three petitions and denied them. See Wane v. Att'y Gen., 475 F. App'x 448, 454 (3d Cir. 2012).

See 8 U.S.C. §§ 1229a(c)(7)(A), (C)(iv)(III). The BIA declined to waive the time limitation because it determined that Wane failed to establish extraordinary circumstances as required by the statute. The BIA observed that the mental health issues Wane described in his motion "arose w[e]ll beyond the 1-year filing deadline and they appear to have no relation to the motion not being filed by the deadline." Appendix ("App.") 5. The BIA also concluded that, as it was Wane's second motion based on his VAWA self-petition, the motion was subject to the statutory numeric bar.[3] The BIA therefore denied the motion to reopen. This timely petition for review followed.

II.[4]

Motions to reopen are disfavored and are granted only under compelling circumstances. Darby v. Att'y Gen., 1 F.4th 151, 159 (3d Cir. 2021). We review the BIA's denial of a motion to reopen for abuse of discretion. Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). The decision will be reversed only if it is arbitrary, irrational, or contrary to law. Id.

Under VAWA, an individual who is an abused spouse generally has one year in which to file a motion to reopen removal proceedings. 8 U.S.C. § 1229a(c)(7)(C)(iv)(III); see also Yasin v. Att'y Gen., 20 F.4th 818, 822 (3d Cir. 2021).

---

[3] The BIA also determined that Wane did not establish exceptional circumstances warranting sua sponte reopening. We generally lack jurisdiction to review the denial of sua sponte reopening, see Pllumi v. Att'y Gen., 642 F.3d 155, 159 (3d Cir. 2011), and Wane does not present any claims concerning the denial of sua sponte reopening in any event. We therefore will not consider that issue.

[4] The BIA had jurisdiction over the motion to reopen under 8 C.F.R. § 1003.2. We generally have jurisdiction to review the denial of a motion to reopen under 8 U.S.C. § 1252(a)(1). See Khan v. Att'y Gen., 691 F.3d 488, 492 (3d Cir. 2012).

3

The one-year period may be waived if the individual demonstrates extraordinary circumstances. 8 U.S.C. § 1229a(c)(7)(C)(iv)(III) ("[T]he Attorney General may, in the Attorney General's discretion, waive this time limitation in the case of an alien who demonstrates extraordinary circumstances. . . ."). The statute permits one VAWA motion to reopen. Id. § 1229a(c)(7)(A).

Wane contends that the BIA did not properly consider his claim that the one-year filing deadline should be waived due to extraordinary circumstances. He argues that the BIA should have addressed his claim in more detail in order to show the specific set of facts that it applied to the legal standard. He also claims that the BIA committed legal error because the statute does not require that the extraordinary circumstances must arise within the one-year deadline.

We generally lack jurisdiction to review a discretionary decision to refuse to waive the time limitation for filing a VAWA motion to reopen. Yasin, 20 F.4th at 822–23. Yet we retain jurisdiction over questions of law. Id. at 823. Even if we accept that Wane has presented legal questions relating to the timeliness of his VAWA motion over which we have jurisdiction, Wane's petition lacks merit.

The motion was Wane's second motion to reopen based on his approved VAWA self-petition. It therefore was numerically barred. See 8 U.S.C. § 1229a(c)(7)(A). Wane does not directly address the numeric bar. He instead observes that VAWA is worded broadly, such that "any" limitation "shall not apply" if extraordinary circumstances exist. Wane Br. 14. Yet the "any limitation" language expressly applies to "deadlines" for filing motions to reopen. 8 U.S.C. § 1229a(c)(7)(C)(iv). Wane does not demonstrate that

4

this language extends to the numeric bar, which appears elsewhere in the statute and limits an applicant to a single VAWA motion to reopen. 8 U.S.C. § 1229a(c)(7)(A) ("An alien may file one motion to reopen proceedings under this section, except that this limitation shall not apply so as to prevent the filing of <u>one motion to reopen</u> described in subparagraph (C)(iv)." (emphasis added)).

Wane thus has failed to persuade us that the BIA abused its discretion in denying the motion to reopen as numerically barred. Because that issue is dispositive, we need not reach Wane's remaining claims. <u>See</u> <u>INS v. Bagamasbad</u>, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues . . . unnecessary to the results they reach.").

III.

For the foregoing reasons, we will deny the petition for review.