NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 25, 2009[*]
Decided March 27, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-2570

| | |
|---|---|
| EUGENE JOSEPH, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | A 74 104 543 |
| | |
| ERIC H. HOLDER, JR., | |
| Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

Eugene Joseph, a Nigerian citizen, seeks a waiver of inadmissibility so that he may adjust his status to lawful permanent resident. An immigration judge denied Joseph's request and ordered him removed to Nigeria. While his appeal of that ruling was pending before the Board of Immigration Appeals, Joseph moved for a remand so that the IJ could consider additional evidence in support of his application. The Board denied the motion

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the petition for review is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

and affirmed the IJ's decision. Joseph petitions for review, and we dismiss for lack of jurisdiction.

Joseph entered the United States without inspection in 1991. In 1997 he was convicted in Illinois of theft by deception, *see* 720 Ill. Comp. Stat. 5/16-1(a)(2), and four years later he was convicted of bank fraud in federal court, *see* 18 U.S.C. § 1344. The Immigration and Naturalization Service, now the Department of Homeland Security, initiated removal proceedings in 2002 and charged that Joseph had been convicted of a crime involving moral turpitude (the Illinois conviction), *see* 8 U.S.C. § 1182(a)(2)(A)(i)(I), that he was present without being admitted or paroled, *see id.* § 1182(a)(6)(A)(i), and that he lacked a valid entry document, *see id.* § 1182(a)(7)(A)(i)(I). Immigration authorities later added Joseph's federal conviction as a fourth ground of inadmissibility. Joseph, who had married a United States citizen in 2000, applied for a waiver of inadmissibility, *see id.* § 1182(h)(1)(B), and sought to adjust his status to lawful permanent resident, *see id.* § 1255.

The IJ denied Joseph's application, finding that Joseph had not established that his removal would cause the "extreme hardship" to his family necessary to warrant a waiver of inadmissibility. *See* 8 U.S.C. § 1182(h)(1)(B). Joseph's wife had testified that she and their two children, the eldest of whom had been diagnosed with asthma, would remain in the United States no matter the outcome, and the IJ thus concluded that the emotional and financial hardship facing the family would be no more extreme than that suffered in any other removal case. And in any event, the IJ added, he would not exercise his discretion to grant a waiver because Joseph "seems to have a problem with being completely honest, in abiding with the laws of the United States, and in meeting his legal obligations." The IJ noted, for example, that Joseph had failed to take seriously his obligation to pay restitution, and had submitted to the court a letter of recommendation purportedly from his employer but actually written by his brother.

In addition to appealing the IJ's decision, Joseph asked the Board to remand the case so that he could present testimony to rebut the IJ's finding that the letter of recommendation was fraudulent. Joseph also sought to present new evidence that his youngest child had since been diagnosed with asthma and that Nigeria's substandard health care would exacerbate the child's condition. The Board construed Joseph's submission as a motion to reopen, *see Al Najjar v. Ashcroft*, 257 F.3d 1262, 1301 (11th Cir. 2001); *Mansour v. INS*, 230 F.3d 902, 907 n.2 (7th Cir. 2000), and denied it. The Board explained, first, that Joseph already had an opportunity to explain the letter and, second, that his medical evidence would be irrelevant in light of his wife's testimony that she and the children would remain in the United States. The Board also agreed with the IJ that Joseph did not warrant a waiver of inadmissibility because he had engaged in "a pattern of affirmative fraudulent conduct followed by a failure to accept responsibility and attempted deception."

Joseph's petition for review faces two jurisdictional hurdles. First, as a general rule, we lack jurisdiction to review not only the denial of a waiver of inadmissibility, *see* 8 U.S.C. § 1252(a)(2)(B)(i), but also the ruling on any subsequent motion to reopen that decision. *See Martinez-Maldonado v. Gonzales*, 437 F.3d 679, 683 (7th Cir. 2006); *Assaad v. Ashcroft*, 378 F.3d 471, 474 (5th Cir. 2004); *Dave v. Ashcroft*, 363 F.3d 649, 652 (7th Cir. 2004); *Patel v. United States AG*, 334 F.3d 1259, 1262 (11th Cir. 2003). Second, § 1252(a)(2)(B)(ii) presumptively strips us of jurisdiction to review discretionary decisions by immigration authorities, including rulings on motions to reopen. *Kucana v. Mukasey*, 533 F.3d 534, 535-38 (7th Cir. 2008). Congress has crafted an exception to these jurisdictional bars, however, that would still allow us to review Joseph's petition if it presents a constitutional or legal question. *See* 8 U.S.C. § 1252(a)(2)(D); *Johnson v. Mukasey*, 546 F.3d 403, 404 (7th Cir. 2008).

Joseph attempts to shoehorn several arguments into the category of "legal or constitutional question," *see Khan v. Filip*, 554 F.3d 681, 689 (7th Cir. 2009); *Zamora-Mallari v. Mukasey*, 514 F.3d 679, 694 (7th Cir. 2008), but none of his contentions fit. He first asserts that the Board violated his right to due process by keeping him from presenting the IJ with evidence of his youngest son's asthma, and by refusing to give him another opportunity to prove the legitimacy of his "employer's" letter of recommendation. But this contention, though cast as a constitutional claim, is nothing more than a disagreement with the weight the Board gave the evidence Joseph offered in support of his motion to reopen. And the Board's decision that Joseph provided insufficient evidence to warrant reopening his case is a factual determination, not a question of law. *See Huang v. Mukasey*, 534 F.3d 618, 620-21 (7th Cir. 2008).

Joseph also takes up the banner of due process by contending that he was denied effective assistance of counsel; he asserts that the attorney he hired to represent him before the IJ failed to submit certain documents that would have strengthened his case for a waiver of inadmissibility. Although Joseph filed a successive motion to reopen his case on the basis of ineffective assistance of counsel in August 2008, the Board's ruling (if it has issued one) is not before us. But, in any event, the Board's decision whether the alleged incompetence of Joseph's counsel warrants reopening his case is another factual determination that we lack jurisdiction to review. *See Jezierski v. Mukasey*, 543 F.3d 886, 890 (7th Cir. 2008).

Nor do Joseph's remaining arguments, which impermissibly seek to collaterally attack his criminal convictions, present a legal question. *See Al-Najar v. Mukasey*, 515 F.3d 708, 714 (6th Cir. 2008); *Mansoori v. INS*, 32 F.3d 1020, 1024 (7th Cir. 1994); *Palmer v. INS*, 4 F.3d 482, 489 (7th Cir. 1993). Accordingly, we DISMISS the petition for review.