In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-2935

EUGENE O. JOSEPH,

*Petitioner*,

*v.*

LORETTA E. LYNCH,*
Attorney General of the
United States,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
No. A074 104 543

ARGUED APRIL 29, 2015 — DECIDED JULY 14, 2015

Before BAUER, MANION, and HAMILTON, *Circuit Judges*.

HAMILTON, *Circuit Judge*. In 2008 an immigration judge ordered Nigerian citizen Eugene Joseph removed from the

---

* We have substituted as respondent Attorney General Loretta E. Lynch for Eric H. Holder, Jr., the former Attorney General. See Fed. R. App. Pro. 43(c)(2).

United States. The Board of Immigration Appeals upheld that decision, and we dismissed his petition for review. *Joseph v. Holder*, 321 F. App'x 505 (7th Cir. 2009). Since then Joseph has tried eight times to have the order of removal rescinded. The Board rejected all eight of those motions to reopen the removal proceedings. Joseph asked us to review only one of the Board's first seven orders; we dismissed that petition for review. *Joseph v. Holder*, 436 F. App'x 632 (7th Cir. 2011).

Joseph now petitions for review of the Board's eighth order, but as he concedes our jurisdiction to review that decision is limited to legal or constitutional questions. Joseph presents neither, so we dismiss the petition for review for lack of jurisdiction.

We presume familiarity with our previous decisions but summarize briefly. Joseph entered the United States unlawfully in 1991 and was placed in removal proceedings after convictions for theft in Illinois and bank fraud in federal court. He conceded his unlawful status but cited his marriage to a United States citizen as a basis for adjusting that status. He also sought a waiver of inadmissibility on the ground that removal would cause "extreme hardship" to his family. See 8 U.S.C. § 1182(h)(1)(B).

At the removal hearing Joseph's wife called him her "support system" and testified that his departure would strain their marriage emotionally and financially. Joseph added that removing him would cause their asthmatic sons to suffer. But the immigration judge concluded that any hardship the boys faced would be no worse than that confronted by any child whose parent is deported and so could

not be characterized as "extreme." The Board of Immigration Appeals agreed.

Joseph's current motion to reopen is his eighth overall but his third premised on the Violence Against Women Act. See 8 U.S.C. § 1229a(c)(7)(C)(iv). As amended in 2000, that legislation ("VAWA," for ease of reference) extends to one year (from the usual 90 days) the deadline for a motion to reopen asserting that the alien facing removal is a victim of domestic violence. § 1229a(c)(7)(C)(i). That longer deadline can be waived by the Attorney General if the battered alien "demonstrates extraordinary circumstances or extreme hardship to the alien's child." § 1229a(c)(7)(C)(iv)(III). Despite the name of VAWA, these provisions apply to aliens of either sex who are victims of domestic violence.

The first of Joseph's three motions invoking VAWA missed the one-year deadline by nearly four years. In that motion Joseph tried to convince the Board of Immigration Appeals that he was a victim of spousal abuse and should be granted a waiver of inadmissibility because of hardship to his children. Joseph attached to this motion a copy of his then-pending Form I-360 (known formally as a "Petition for Amerasian, Widow(er) or Special Immigrant"), which an alien files with U.S. Citizenship and Immigration Services when seeking relief under VAWA. Joseph also submitted an affidavit claiming that his wife had been both physically and emotionally abusive.

The Board denied this motion to reopen, noting Joseph's failure to corroborate his claim of being the victim of spousal abuse as well as his failure to submit any evidence that removing him from the United States would cause unusual hardship to his children. (His affidavit said nothing about

the effect of the alleged abuse on the children.) Later the Board denied Joseph's second, nearly identical motion to reopen invoking VAWA. Joseph did not petition for review of either of those Board rulings.

That brings us to the present case. In June 2014, Joseph filed a third motion to reopen invoking VAWA. This time he supplied medical records for his two asthmatic sons (currently ages 8 and 14) and an affidavit from his brother attesting to the severity of the boys' illness and the brother's belief that his nephews had not received appropriate medical treatment after Joseph was detained and the boys were left in their mother's care.

The Board of Immigration Appeals denied this motion as both "time and number-barred." The Board added that Joseph's evidence, which came from "interested parties" and contradicted testimony from his removal hearing about the strength of his marriage, failed to establish cause to set aside either of those statutory bars. The Board led off its discussion of the latter point by saying that the "only evidence regarding the claimed potential harm to the respondent's children are statements from himself and his brother."

In his petition for review, Joseph contends that this "only evidence" comment must mean that the Board ignored his sons' newly submitted medical records. Because the decision whether to waive the time limit on a motion to reopen that invokes VAWA is committed by statute to the Attorney General's discretion, see 8 U.S.C. § 1229a(c)(7)(C)(iv)(III), we lack subject-matter jurisdiction to review an exercise of that discretion. See *Kucana v. Holder*, 558 U.S. 233, 237 (2010). We have jurisdiction, however, to ensure that the Board considered all relevant evidence before exercising its discretion.

See 8 U.S.C. § 1252(a)(2)(D); *Ji Cheng Ni v. Holder*, 715 F.3d 620, 625 (7th Cir. 2013); *Kiorkis v. Holder*, 634 F.3d 924, 928 (7th Cir. 2011).

Joseph has framed his claim to try to take advantage of this jurisdictional path. But while he has accused the Board of disregarding particular evidence, his claim is not really about that evidence. Joseph's claim hinges on the erroneous assumption that medical records documenting his sons' treatment for asthma—which has never been contested— also prove that the boys will experience "extreme hardship" if Joseph is removed. To the contrary, any conclusion that the boys will be worse off if Joseph is removed—asthma or no— depends entirely on the statements of Joseph and his brother, just as the Board said. Joseph's disagreement with the Board about the *significance* of his and his brother's statements is simply an argument about how those statements were weighed. It does not clear the jurisdictional bar of § 1252. See *Jawad v. Holder*, 686 F.3d 400, 404 (7th Cir. 2012); *Khan v. Filip*, 554 F.3d 681, 689 (7th Cir. 2009).

As a fallback, Joseph points out that his Form I-360 was approved in January 2014 and that his current motion to re-open, filed four months later, is the only one of the eight to follow that approval. The petition's approval, Joseph now asserts, qualifies as an "extraordinary circumstance" that the Board of Immigration Appeals overlooked entirely.

Until this petition for review, however, Joseph characterized the petition's approval simply as "new evidence." We are skeptical about the weight this approval might warrant, since it is the product of only an *ex parte* review of documents, in this case written affidavits from Joseph and his brother. We need not reach a conclusion about this issue,

however, because Joseph never argued to the Board that approval of the Form I-360 constituted an "extraordinary circumstance." Joseph cannot contend for the first time in this court that the Board overlooked evidence offered in support of an argument he never made. See *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014); *Cruz-Moyaho v. Holder*, 703 F.3d 991, 998 (7th Cir. 2012). As it pertains to our jurisdiction, Joseph cannot make a colorable claim of legal error based on his own omission. *Cruz-Moyaho*, 703 F.3d at 998.

The Board also noted in its decision that even if Joseph had offered a legal basis for his motion to reopen, "given the adverse factors of record, we also conclude that reopening is not appropriate in the exercise of discretion." The adverse factors of record include Joseph's criminal record and serious credibility problems. We would not have jurisdiction to review that discretionary decision by the Board, which provided an independent basis for denying relief.

Accordingly, the petition for review is DISMISSED for lack of jurisdiction.