Manion, Circuit Judge, dissenting.
The court's opinion admirably attempts to toe the thin line between reviewing a decision of the Board of Immigration Appeals to ensure it exercised its discretion and reviewing the Board's exercise of discretion itself. But it strays from the former into the latter. Therefore, I respectfully dissent.
I.
An immigration judge (IJ) found Ray Fuller lacked credibility and denied him relief under the Convention Against Torture. The Board affirmed the decision, concluding Fuller failed to show clear error concerning the IJ's credibility determination. A.R. 62 ("[Fuller's] inconsistent statements and implausible explanations fully support an adverse credibility determination."). We denied Fuller's petition for review. See Fuller v. Lynch (Fuller I) , 833 F.3d 866, 872 (7th Cir. 2016). In accord with the deferential standard of review we apply in these cases, we too concluded there was sufficient evidence to support the IJ's credibility determination. Specifically, we considered "Fuller's inability to recall significant details" of his alleged shooting (such as the decade in which it occurred), his confusion concerning his sisters and his mother, the suspiciousness of his letters of support, and his lie on his 2001 immigration application. Id. at 869-71.
Fuller then asked the Board to exercise its sua sponte authority to reopen his removal proceedings, claiming he had attached new evidence to the motion. See 8 C.F.R. § 1003.2(a). The Board declined, noting Fuller had not attached any new evidence to his motion. Fuller made another motion, this time definitely attaching three new letters in support of his claims. The Board declined again. The critical sentence of the Board's second decision is as follows: "The respondent's motion does not challenge our conclusions regarding his credibility or his eligibility for deferral of removal, and we do not find that his letters of support would materially alter these *523 findings." A.R. 3 (internal record citations omitted). Fuller petitions us again.
II.
Appellate review of the Board's decisions concerning its sua sponte authority is severely limited. We have jurisdiction only to review for legal or constitutional errors. Anaya-Aguilar v. Holder , 697 F.3d 1189, 1190 (7th Cir. 2012) ; see also Arej v. Sessions , 852 F.3d 665, 668 (7th Cir. 2017) (Sykes, J., concurring in the judgment) ("[W]e lack jurisdiction to review how the [Board] evaluated and weighed [the petitioner's] evidence or to test its decision for abuse of discretion; we may review its decision only for errors of law and constitutional infirmities."). We have defined "legal error" to include the Board's failure "to exercise discretion at all by completely ignoring an argument." Iglesias v. Mukasey , 540 F.3d 528, 530-31 (7th Cir. 2008).
And that is the legal error the court finds here. The court grants Fuller's petition because of the Board's statement that Fuller was not challenging the Board's "conclusions regarding his credibility or his eligibility for deferral." The court calls this "a grave mischaracterization" that "cannot be reconciled with either the letter or the spirit of Fuller's request for relief." Majority Op. at 520, 521. I disagree.
First, Fuller's second motion[1] did not clearly challenge the Board's conclusions. Fuller's pro se motion (his "Statement") contains three paragraphs. In the first paragraph, Fuller asserts he attached the letters to the first motion and states there must have been a clerical error. The second paragraph reiterates what he has said all along in these proceedings (he says he is bisexual, that he has experienced violence in Jamaica, and that he will experience more if he returns) and asks the Board to overturn the judgment in his case. The final paragraph asks for an opportunity "to present [his] case to the immigration court" and to "be given the chance to prove [his] credibility in court with the help of the new evidence." A.R. 22. Apart from that last statement, Fuller never mentions his credibility and never directly addresses his credibility issues, which were the basis for the denial of his petition for deferral of removal. For instance, he does not explain why his assertions should be trusted when he could not keep straight whether he got shot in the 1980s or the 1990s or when he has previously lied on an immigration application. Neither does the restatement of his allegations necessarily amount to a "challenge" to the Board's earlier determinations. The IJ found Fuller did not testify credibly, and the Board concluded there was no clear error in that finding. The Board was not required to treat Fuller's restatement of a summary of his own testimony as a "challenge" to that conclusion. Cf. Anderson v. Hardman , 241 F.3d 544, 545-46 (7th Cir. 2001) (dismissing a pro se appeal where the appellant "offer[ed] no articulable basis for disturbing the district court's judgment" and "simply repeat[ed] certain allegations of his complaint and cite[d] one irrelevant case").
So Fuller's motion is ambiguous about whether it "challenges" the Board's determinations, and this brings me to my next point: we should not be in the business of interpreting "the spirit" of motions made to the Board. The resolution of ambiguities *524 is a power that should lie with the entity exercising discretion, not the one exercising an extremely limited power of review. We are, after all, only concerned with whether the Board completely ignored Fuller's motion, not with how the Board interpreted it. See Joseph v. Lynch , 793 F.3d 739, 742 (7th Cir. 2015) ("Joseph's disagreement with the Board about the significance of his and his brother's statements is simply an argument about how those statements were weighed. It does not clear the jurisdictional bar....").[2] And the Board's determination that Fuller's motion did not challenge the Board's earlier conclusions is a reasonable interpretation of the ambiguous pro se motion.[3] Accordingly, there has been no showing the Board completely ignored Fuller's motion or arguments.
III.
The court returns this case to the Board for it to exercise its discretion in resolving the merits-the court acknowledges it has no authority to direct how the Board should exercise that discretion. I completely agree with that description of our power. However, as I conclude the Board has already demonstrated it exercised its discretion in resolving Fuller's motion, I respectfully dissent.

The court treats Fuller's first and second motions to reopen as "of one piece." Majority Op. at 520. But the court accepts the Board was well within its power to treat Fuller's second filing as an independent motion. Id. If it was acceptable for the Board to do that, then we should not make it unacceptable by treating the two as one for the purposes of our review. Therefore, I treat the second motion on its own.

The majority in Arej v. Sessions conflated these considerations and held the Board ignored the petitioner's evidence because the Board reached a conclusion the majority deemed incorrect. 852 F.3d at 667 (majority opinion). We should not allow that faulty rational to continue.

If the Board's decision showed an absolute lack of understanding concerning the contents of the motion, it would be appropriate for this court to question whether the Board actually considered the motion. But I conclude that is not what happened here.