# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60529
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 2, 2019

Lyle W. Cayce
Clerk

TATIARA PINHO-DE OLIVEIRA,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 712 495

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Tatiara Pinho-De Oliveira, a native and citizen of Brazil, petitions this court for review of the order of the Board of Immigration Appeals ("BIA") denying her motion to reopen her removal proceedings to pursue relief under the Violence Against Women Act ("VAWA"). She argues that the BIA abused its discretion because it did not waive the one-year time limitation under 8 U.S.C. § 1229a(c)(7)(C)(iv) based on its determination that she did not

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

demonstrate extraordinary circumstances or that her children would suffer extreme hardship if she were removed from the United States. Pinho-De Oliveira argues that she has shown extraordinary circumstances because she suffered abuse from her husband. She also asserts that her very young children will suffer extreme hardship if she is removed from the United States. In addition, she contends that her husband's act of filing for divorce while her first motion to reopen was pending was an extraordinary circumstance that should have tolled the time for filing her motion to reopen under the VAWA.

Generally, a motion to reopen must be filed within 90 days of the entry of a final order of removal. § 1229a(c)(7)(C)(i). However, a one-year limitation period applies to a battered spouse seeking relief under the VAWA if the alien meets the four requirements listed in the statute. § 1229a(c)(7)(C)(iv)(III). The Attorney General has the discretion to waive this time limitation if the alien demonstrates either extraordinary circumstances or extreme hardship to the alien's child. § 1229a(c)(7)(C)(iv).

Pinho-De Oliveira's motion to reopen was not filed within one year of the entry of the final removal order. The motion was untimely, and the BIA did not exercise its discretion to waive the delay because she had shown neither extraordinary circumstances nor that her children would suffer extreme hardship because the outcome of the divorce proceeding was speculative.

We do not have jurisdiction to review a decision of the BIA in a removal proceeding, except for an asylum ruling, "which is specified under [the relevant subchapter at issue in this case] to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 252(a)(2)(B)(ii). We retain jurisdiction to consider constitutional claims and questions of law. § 1252(a)(2)(D).

No. 18-60529

The decision that Pinho-De Oliveira seeks to challenge is a discretionary determination that we do not have jurisdiction to consider. *See* § 1252(a)(2)(B)(ii); *Kucana v. Holder*, 558 U.S. 233, 237, 249 (2010). Because Pinho-De Oliveira is essentially challenging the BIA's weighing of the evidence, she has not raised a question of law over which we have jurisdiction. *See Joseph v. Lynch*, 793 F.3d 739, 742 (7th Cir. 2015).

In addition, Pinho-De Oliveira contends that her motion to reopen was timely filed within one year of the BIA's denial of her prior motion to reopen. However, she did not raise this argument in her motion to reopen filed with the BIA. Therefore, this argument is unexhausted, and we lack jurisdiction to consider it. *See Nunez v. Sessions*, 882 F.3d 499, 505 n.2 (5th Cir. 2018).

Petition for review DISMISSED for lack of jurisdiction.