

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2008

# Okereke v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3612

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Okereke v. Atty Gen USA" (2008). 2008 Decisions. Paper 1690.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1690

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3612
_____

HARRY OKEREKE,

Petitioner

v.

ATTORNEY GENERAL OF UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A70-651-555)
Immigration Judge Alberto Riefkohl

_____

Submitted Under Third Circuit LAR 34.1(a)
January 8, 2008

Before:   FUENTES and JORDAN, *Circuit Judges*
and DITTER*, *District Judge.*

(Filed: January 29, 2008)

_____

OPINION OF THE COURT

_____

_____
    *Honorable J. William Ditter, Jr., United States District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

JORDAN, *Circuit Judge*.

Harry Okereke ("Okereke") petitions for review of a decision of the Board of Immigration Appeals ("BIA") refusing to waive the limitations period applicable to his motion to reopen. Because we lack jurisdiction to review the BIA's discretionary refusal to grant the waiver, we will deny the petition for review.

*Background*

Okereke is a citizen of Nigeria who entered the United States in 1989. In June 2000, the Government served him with a Notice to Appear charging him with overstaying his visa. In June 2001, Okereke married a United States citizen, with whom he now has two children and a stepdaughter. On November 14, 2001, he failed to appear at his immigration hearing and the Immigration Judge ("IJ") ordered him removed *in absentia.* Okereke filed an appeal of the IJ's decision, which was denied by the BIA as untimely. Okereke then filed two subsequent motions to reopen his case, both of which were denied by the IJ. In August 2003, the BIA affirmed the IJ's decision denying the second motion to reopen, and upheld the order of removal.

Okereke, however, failed to depart and was arrested several years later, in 2006, by agents from United States Immigration and Customs Enforcement. Once in custody, he filed a motion with the BIA to reopen his case pursuant to provisions of the Violence Against Women Act ("VAWA") which have been codified as part of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1229a(c)(7)(C)(iv). Okereke's motion included

affidavits detailing numerous instances of physical and psychological abuse allegedly perpetrated against him by his wife, as well as evidence that he is the primary means of support for his minor children. The BIA denied the motion to reopen, noting that it had been filed outside the one year time limit applicable to motions to reopen that invoke the VAWA. The BIA also refused to waive the one year time limit, stating that Okereke had "presented no evidence as to any extraordinary circumstances or extreme hardship to a child, to cause us to exercise favorable discretion in this instance." Okereke then filed the petition for review that is now before us.[1]

*Discussion*

Under the VAWA, aliens who are subject to a final order of removal but who are victims of spousal abuse may file a motion to reopen their immigration proceedings and apply for cancellation of removal if they can demonstrate that they have been "battered" or that they have been "the subject of extreme cruelty perpetrated by the [their] spouse[s]." 8 U.S.C. §§ 1154(a)(iii)(1)(bb), 1229b(b)(2). Ordinarily, such motions must be filed within a year of the issuance of a final order of removal. 8 U.S.C. § 1229a(C)(7)(iv). However, the VAWA provides that "the Attorney General may, *in the Attorney General's discretion*, waive this time limitation in the case of an alien who

---

[1]As explained more fully in this opinion, we conclude that Okereke's petition fails based on the jurisdiction stripping provisions of 8 U.S.C. § 1252(a)(2). Our review of our own jurisdiction is *de novo*. *Patel v. Ashcroft*, 294 F.3d 465, 467 (3d Cir. 2002).

demonstrates extraordinary circumstances or extreme hardship to the alien's child."

8 U.S.C. § 1229a(C)(7)(iv)(III) (*emphasis added*).

Okereke filed his motion five years after he was ordered removed, and the BIA declined to grant him a waiver. In his petition for review, Okereke contends that, in refusing to grant him a waiver, the BIA erred because the spousal abuse he has suffered is an "extraordinary circumstance" and his inability to support his children, if he is removed, constitutes "extreme hardship" to his children.

We lack jurisdiction to review the BIA's denial of a waiver of the one-year time limit. With the exception of denials of asylum, the INA removes from our jurisdiction "any ... decision or action of the Attorney General ... the authority for which is specified under this subchapter to be in the discretion of the Attorney General." 8 U.S.C. § 1252(a)(2)(B)(ii).[2] In *Alaka v. Attorney General*, 456 F.3d 88, 96-95 (3d Cir. 2006), we explained that § 1252's jurisdictional bar applies only "to a narrow[] category of decisions where Congress has specif[ied] that the sole authority for the action is the Attorney General's discretion." *Id.* at 96. As examples of statutory language which will trigger the jurisdictional bar, we cited various provisions of the INA which include explicit references to the Attorney General's discretion. *Id.* at 98 n.16. We also stated that while

---

[2]Section 1229a is part of the subchapter referred to in § 1252(a)(2). *See CDI Information Svcs., Inc. v. Reno*, 278 F.3d 616, 619 (6th Cir. 2002) (explaining that "this subchapter" refers to "subchapter II of Chapter 12 of Title 8, which covers sections 1151 through 1378").

"explicit use of language granting discretion–such as 'the Attorney General may, in his discretion'–would presumably trigger the application of [the jurisdictional bar,]" such language is not absolutely required before the bar applies. *Id.* at 98.

We conclude that the cited language from the VAWA, 8 U.S.C. § 1229a(C)(7)(iv)(III), does trigger the jurisdictional bar of § 1252(a)(2). Like the INA provisions we cited in *Alaka*, 456 F.3d at 98 n.16, it explicitly specifies that a decision to waive the one-year limitations period is made at the Attorney General's "discretion." Moreover, its language is virtually identical to the language which, under *Alaka*, 456 F.3d at 98, is sufficient to trigger the bar. Thus, we lack jurisdiction to review the BIA's decision to deny Okereke a waiver.

Accordingly, we will deny the petition for review.[3]

---

[3]We ordinarily do not consider arguments which are raised for the first time in a petitioner's reply brief. *In re Surrick*, 338 F.3d 224, 237 (3d Cir. 2003). Therefore, we decline to consider Okereke's argument that we should review the BIA's decision under 8 U.S.C. § 1252(a)(2)(D), which permits us to review "constitutional claims and issues of law."