**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 12 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROSALBA MENDOZA CARDENAS,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No.   13-71180

Agency No. A087-264-469

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 7, 2016
Submission Vacated June 8, 2016
Resubmitted October 12, 2016
Pasadena, California

Before: REINHARDT and WARDLAW, Circuit Judges, and KORMAN,[**]
District Judge.

Rosabela Mendoza Ortiz ("Mendoza"), née Rosabela Mendoza Cardenas,

petitions for review of an order of the Board of Immigration Appeals ("BIA")

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

denying her motion to reopen and cancel removal under 8 U.S.C. § 1229a(c)(4)(A). We have jurisdiction under 8 U.S.C. §1252. We grant the petition and remand to the BIA for further proceedings.

1.      We have jurisdiction to review Mendoza's claim that the BIA erroneously applied the "extraordinary circumstances" exception of the Violence Against Women Act ("VAWA"), 8 U.S.C. § 1229a(c)(7)(C)(iv)(III), to excuse her failure to comply with VAWA's one-year time limit for filing motions to reopen. While we lack jurisdiction to review the BIA's purely discretionary decisions, *see* 8 U.S.C. § 1252(a)(2)(B)(ii), we retain jurisdiction over its legal determinations, *see* 8 U.S.C. § 1252(a)(2)(D). The determination of whether extraordinary circumstances are present is legal in nature, because it involves the application of the law to undisputed facts. *Husyev v. Mukasey*, 528 F.3d 1172, 1178–79 (9th Cir. 2008).

2.      We agree with Mendoza that the BIA abused its discretion in failing to consider all the evidence before it as to whether extraordinary circumstances were present in her case. *Vitug v. Holder*, 723 F.3d 1056, 1064 (9th Cir. 2013). Specifically, the BIA did not consider Mendoza's testimony—found credible by the asylum officer—that she suffered severe physical and sexual abuse between 1993 and 1998, received her brother's warning about Montes de Oca's threat to

2

kill her in 2008, and continued to live in fear, Despite this testimony, the BIA found there was "no evidence" supporting her claim of extraordinary circumstances. While the BIA may be correct that domestic violence "alone" cannot be deemed extraordinary for purposes of 8 U.S.C. § 1229a(c)(7)(C)(iv)(III), Mendoza did more than simply recite that she had been a victim of domestic violence.

3. The BIA also abused its discretion in finding that Mendoza failed to establish that she had been "battered or subjected to extreme cruelty by a spouse or parent who is or was a lawful permanent resident" under VAWA, 8 U.S.C. § 1229b(b)(2)(A), and thus was not eligible for relief under 8 U.S.C. § 1229a(c)(4)(A). Mendoza stated in her sworn testimony, which the asylum officer found credible, that she and Montes de Oca had been married from 1993 to 1998. Thus, the BIA misstated the record in concluding that Mendoza provided "no proof" of her marriage to Montes de Oca. Even assuming that the Board could properly have disregarded Mendoza's supporting evidence, which it generally must credit at the motion-to-reopen stage, *see Tadevosyan v. Holder*, 743 F.3d 1250, 1256 (9th Cir. 2014), this misstatement warrants remand, because the BIA "abuses its discretion where it ignores arguments or evidence," *see Vitug*, 723 F.3d at 1064.

3

**4.**	The Board also abused its discretion in failing to consider evidence that Montes de Oca had been a lawful permanent resident—a fact that may have made Mendoza eligible for relief. *See* 8 U.S.C. §1229b(b)(2)(A). Before the IJ, the government noted USCIS's initial finding that Mendoza had not demonstrated that Montes de Oca was a citizen or a lawful permanent resident.**.** However, after the BIA hearing, USCIS informed Mendoza that Montes de Oca had in fact been a lawful permanent resident. While our review is generally "confined to the administrative record before the BIA," we do not "interpret this rule absurdly, so that injustice may be done if the government successfully shields its documents from a person who ought to have access to them, particularly when the documents might change the result of the proceedings." *Dent v. Holder*, 627 F.3d 365, 371–73 (9th Cir. 2010). Here, injustice would be done because USCIS, an executive agency, had in its possession evidence that Montes de Oca was a lawful permanent resident, and this evidence was critical to Mendoza's VAWA claim. We take judicial notice of USCIS's letter to Mendoza of April 17, 2013, impute knowledge of this letter to the government agency, and instruct the BIA to consider the information recited in the letter on remand.

**Petition for review GRANTED; REMANDED.**