**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2910
_____

WILLIAM ROBERTO PENAFIEL DIAZ,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A208-000-683)

Immigration Judge: Mirlande Tadal
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on June 7, 2022

Before: AMBRO, FUENTES, and RENDELL, *Circuit Judges*

(Filed: August 24, 2022)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*.

William Roberto Penafiel Diaz petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen on discretionary hardship grounds. Because we lack subject matter jurisdiction to review the BIA's decision and Penafiel Diaz has not raised any colorable constitutional claims or questions of law, we will dismiss the petition for lack of jurisdiction.

I.

Penafiel Diaz is a native and citizen of Ecuador who first entered the United States without inspection in February 2004. In July 2018, the Department of Homeland Security started removal proceedings against Penafiel Diaz, charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without having been admitted or paroled. He conceded removability and applied for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"), as well as cancellation of removal. Penafiel Diaz eventually withdrew his application for asylum, withholding of removal and CAT relief, and proceeded only on his cancellation of removal application.

In March 2020, Penafiel Diaz appeared before the Immigration Judge ("IJ") for a hearing on his cancellation of removal application.[1] He testified that he lived with his partner, Tanya, and their two U.S.-citizen children, ages one and seven. When asked how his children would suffer if he were removed to Ecuador, Penafiel Diaz responded that

---

[1] Penafiel Diaz appeared before the IJ via video from Essex County Jail where he was detained for aggravated assault, in violation of New Jersey Statutes §§ 2C:12-1B(1) and 2C:5-2.

2

"[t]hey would first suffer a lot emotionally. Second economically because their mom does not have the capacity to . . . support them because she makes very little money."[2] Penafiel Diaz also testified, in relevant part, that his oldest daughter was taking medication because she "tried to commit suicide with a knife."[3]

At the conclusion of the hearing, the IJ issued an oral decision finding Penafiel Diaz removable as charged and ineligible for cancellation of removal. Although he found Penafiel Diaz to be credible,[4] the IJ determined that he had failed to demonstrate that his removal would result in exceptional and extremely unusual hardship to a qualifying relative. Thus, the IJ denied Penafiel Diaz's application for cancellation of removal and ordered him removed to Ecuador.

Penafiel Diaz timely appealed the IJ's decision to the BIA. The BIA affirmed without opinion. Penafiel Diaz did not petition this Court for review of that decision. However, in October 2020, he filed a timely motion to reopen with the BIA based on changed circumstances. He argued that the new evidence submitted with his motion to reopen demonstrated that both of his children "would . . . suffer greater hardship both financially and emotionally" than was shown at the time of his merits hearing.[5] Specifically, he asserted that (1) subsequent to the hearing his daughter had attempted to harm herself and consequently was diagnosed with severe major depressive disorder; and

---

[2] A.R. 142.
[3] A.R. 147.
[4] The IJ also found that Penafiel Diaz had established ten years of continuous physical presence in the United States and good moral character.
[5] A.R. 14.

3

(2) his partner Tanya would be unemployed for the foreseeable future in light of COVID-19 restrictions. In September 2021, the BIA denied Penafiel Diaz's motion to reopen, concluding that while his circumstances were unfortunate, the new evidence did not support reopening his removal proceedings. Penafiel Diaz now petitions us for review.[6]

II.

We typically "review the BIA's denial of a motion to reopen for abuse of discretion, and review its underlying factual findings related to the motion for substantial evidence."[7] However, we lack "jurisdiction to review the denial of discretionary relief, including cancellation of removal," except to the extent that it raises colorable constitutional claims or questions of law.[8] This jurisdictional restriction applies equally to the review of motions to reopen seeking previously considered discretionary relief.[9] We exercise de novo review over constitutional claims and questions of law, including questions of our own jurisdiction.[10]

---

[6] Penafiel Diaz did not file a petition for review from the BIA's decision denying his application for cancellation of removal. This petition for review concerns only the BIA's decision denying Penafiel Diaz's motion to reopen.

[7] *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir. 2006) (citations omitted).

[8] *Pareja v. Att'y Gen.*, 615 F.3d 180, 186 (3d Cir. 2010); 8 U.S.C. §§ 1252(a)(2)(B), (D).

[9] *See Yasin v. Att'y Gen.*, 20 F.4th 818, 822–23, 824 (3d Cir. 2021) ("[A]lthough Courts of Appeals retain jurisdiction to review the BIA's '[a]ction on motions to reopen, made discretionary by the Attorney General only,' we do not have jurisdiction to review the BIA's action on motions to reopen where the underlying decision rests on an exercise of discretion by the Attorney General made by Congress." (internal citations omitted)); *see also Sorcia v. Holder*, 643 F.3d 117, 126 (4th Cir. 2011); *Fernandez v. Gonzales*, 439 F.3d 592, 601, 603 (9th Cir. 2006).

[10] *See, e.g.*, *Duhaney v. Att'y Gen.*, 621 F.3d 340, 345 (3d Cir. 2010); *Castro v. Att'y Gen.*, 671 F.3d 356, 364 (3d Cir. 2012).

The Immigration and Nationality Act ("INA") authorizes the Attorney General to cancel the removal of a noncitizen who is deportable from the United States if that person establishes, among other things, that his "removal would result in exceptional and extremely unusual hardship to . . . [his] spouse, parent, or child, who is a citizen of the United States."[11] The INA also provides noncitizens the right to file one motion to reopen premised on "new facts that will be proven at a hearing to be held if the motion is granted."[12]

Here, the BIA denied Penafiel Diaz's application for cancellation of removal for failure to establish the requisite hardship to his two citizen children. The BIA also denied his motion to reopen, finding the additional hardship evidence insufficient to support a prima facie showing of exceptional and extremely unusual hardship. Penafiel Diaz now challenges the BIA's hardship analysis and its conclusion that reopening was unwarranted. This is a quintessentially discretionary decision that we lack jurisdiction to review.[13]

Moreover, Penafiel Diaz's petition for review does not raise any colorable constitutional claims or legal questions. Indeed, his petition asserts that the BIA failed to "thoughtfully discuss" his daughter's psychological evaluation, the picture of the scar caused by his daughter's latest attempt at self-harm, and the unforeseen financial hardship

---

[11] 8 U.S.C. § 1229b(b)(1); *see also Pareja*, 615 F.3d at 185–86.
[12] 8 U.S.C. § 1229a(c)(7)(A)–(B); 8 C.F.R. § 1003.2(c)(2).
[13] *Pareja*, 615 F.3d at 188 ("[A] hardship determination under § 1229b(b)(1)(D), like the ultimate decision to grant or deny cancellation of removal, is discretionary and therefore beyond our jurisdictional purview." (citations omitted)).

posed by COVID-19. The petition amounts to "nothing more than an argument that the [BIA] abused [its] discretion in determining that the petitioner did not meet the requirement of exceptional and extremely unusual hardship, which is a matter over which we have no jurisdiction."[14]

We will therefore dismiss Penafiel Diaz's petition for review for lack of jurisdiction.

---

[14] *Id.* at 187 (quoting *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009)) (internal quotation marks omitted).