**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1036
_____

MAURICIO LLANES-QUINTEROS,
                                                  Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
(Agency No. A209-343-065)
Immigration Judge: David Cheng
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 17, 2022

Before: AMBRO, KRAUSE, and BIBAS, *Circuit Judges*

(Filed: December 15, 2022 )
_____

OPINION*
_____

BIBAS, *Circuit Judge*.

Mauricio Llanes-Quinteros, a Salvadoran native, challenges his order of removal. The decisions below were flawed. But because those flaws were harmless, we will deny his petition for review.

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

In El Salvador, Quinteros was threatened and beaten by gangsters. They mocked his Christian beliefs and demanded that he join their gang. He was also beaten by four policemen for refusing to join the gang. So in 2016, he fled to the United States. When he arrived, he was charged as inadmissible and put into removal proceedings. He conceded that he was removable but sought asylum, withholding of removal, and protection under the Convention Against Torture. An immigration judge denied his requests and ordered him removed, and the Board of Immigration Appeals agreed. He now petitions for review.

"When the Board relies on an IJ's legal conclusions and findings of fact, we review [both] the IJ's decision and the Board's decision." *Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 684 n.5 (3d Cir. 2015). We review factual findings for substantial evidence and legal conclusions de novo. *Yasin v. Att'y Gen.*, 20 F.4th 818, 822 (3d Cir. 2021).

In seeking asylum and withholding of removal, Quinteros claimed that he was persecuted as a member of a "particular social group": "young El Salvadorian men whose religious activities have exposed them to harm." 8 U.S.C. § 1158(b)(1)(B)(i); AR 116 (capitalization removed). On these claims, the immigration judge made both a factual finding and a legal holding. Factually, he found that the evidence did not link Quinteros's religion to his persecution: Salvadoran gangsters target all youths, and they did not focus on him because of his faith. Legally, the judge held that the proposed group does not count under the statute. The Board assumed that Quinteros's proposed social group was cognizable but still dismissed his appeal, agreeing that he had not been targeted because of his religion.

Quinteros denies that the immigration judge made that factual finding about the causal nexus. But he is mistaken. The judge denied asylum "[b]ecause [his] proposed particular

2

social group is not cognizable *and* … any harm he may have suffered was not on account of any protected ground." AR 75 (emphasis added).

Substantial evidence supports this factual finding on nexus. Quinteros himself testified that gang members harass all youths in his community. And though they mocked his churchgoing as a waste of time, a reasonable judge could find that they persecuted him for resisting recruitment, not for his faith. So even if his group was cognizable, he was not persecuted for belonging to it. Thus, he did not qualify for asylum or withholding of removal.

As for Quinteros's Convention Against Torture claim, our precedent requires the agency to follow certain steps. Yet neither the judge nor the Board did so.

A Convention claimant must satisfy a two-pronged test, showing both that (1) if he returned home, he would be tortured, and that (2) the government would acquiesce to that torture. *Myrie v. Att'y Gen.*, 855 F.3d 509, 516–17 (3d Cir. 2017). We have made clear that each prong has two steps. *Id.* For Prong 1, an immigration judge must ask: (1A) What harm will he likely suffer if he returns home? and (1B) Would that harm amount to torture? *Id.* For Prong 2, the judge asks: (2A) How will public officials likely respond to that harm? and (2B) Would that response amount to acquiescence? *Id.* Both Steps 1A and 2A are factual questions, so the Board must review them for clear error. *Id.* And both Steps 1B and 2B are legal questions, so the Board must review them de novo. *Id.*

Here, neither the immigration judge nor the Board followed our instructions. First, at Step 1A, it is not clear that the immigration judge forecasted what harm Quinteros would likely face back in El Salvador. He found only (at Step 1B) that Quinteros's past harm did

not amount to torture, so future torture was unlikely. Second, rather than separating the two steps and reviewing Step 1B de novo, the Board affirmed the whole Prong 1 analysis as not clearly erroneous. And third, the Board did the same at Prong 2, reviewing the whole thing for clear error rather than reviewing Step 2B de novo.

Though both the immigration judge and the Board erred, the errors did not affect the outcome. The judge found that the harm Quinteros had suffered did not amount to torture. That is right. Though Quinteros was twice beaten, he did not seek medical attention either time. And gang members threatened that, if he did not join their gang, they *might* kill him. Though these experiences were difficult, they did not involve "an extreme form of cruel and inhuman treatment" or "[t]he threat of imminent death." 8 C.F.R. §1208.18(a)(2), (4)(iii). So they were not torture.

Quinteros also fears that, if he returns to El Salvador, he will get the same treatment again. He does not claim that he will be treated worse or that conditions there worsened. If his previous treatment was not torture, and he fears more of the same, then his future harm will not be torture either. So his claim fails Prong 1; any Prong 2 errors do not matter. We will thus deny his petition for review.