**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 21-1095 & 22-1924
_____


CARLOS OVIDIO COLINDRES GOMEZ,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
(Agency No. A216-089-463)
Immigration Judge: Mirlande Tadal
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on April 25, 2023

Before: KRAUSE, BIBAS, and RENDELL, *Circuit Judges*

(Filed: April 28, 2023)
_____

OPINION[*]
_____


BIBAS, *Circuit Judge.*

Carlos Ovidio Colindres Gomez, a native and citizen of Guatemala, entered the United

States illegally in 2003. In 2017, he and his wife were put into removal proceedings. He

---

[*]  This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

applied for asylum, withholding of removal, cancellation of removal, and protection under the Convention Against Torture. The immigration judge denied his request for a continuance and for these forms of relief. The Board of Immigration Appeals dismissed his appeal, agreeing with the denial of a continuance and the denial of cancellation based on insufficient hardship to his three children. It then denied his motion to reconsider based on the denial of a continuance and his motion to reopen based on ineffective assistance of counsel. Colindres Gomez now petitions for review of the denial of his cancellation claim (but not the other forms of relief) and the denial of his motions to reconsider and to reopen to present a new asylum claim.

The Board's denial of cancellation based on hardship is discretionary, and we lack jurisdiction to review it. 8 U.S.C. § 1252(a)(2)(B)(i). Though Colindres Gomez tries to repackage his claims as legal and constitutional, they are factual challenges to whether the hardship to his children would be "exceptional and extremely unusual." § 1229b(b)(1)(D). So we will dismiss his petition for review in No. 21-1095.

We review the Board's denials of reconsideration, reopening, and a continuance for abuse of discretion and its underlying findings of fact for substantial evidence. *Freza v. Att'y Gen.*, 49 F.4th 293, 299 (3d Cir. 2022); *B.C. v. Att'y Gen.*, 12 F.4th 306, 313 (3d Cir. 2021); *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir. 2006). And we lack jurisdiction to review those denials "where the underlying decision rests on an exercise of discretion" conferred by statute. *Yasin v. Att'y Gen.*, 20 F.4th 818, 822–23 (3d Cir. 2021).

Colindres Gomez sought continuances to put on more evidence. But the record already contained evidence of one child's autism, another child's lack of speech, and a third child's

2

asthma. He has never described what more he would have introduced. Colindres Gomez also sought a continuance so his counsel could avoid appearing in person during the COVID-19 pandemic. But the immigration judge let counsel appear by phone, obviating a continuance. His last reason for seeking a continuance was so his wife could testify on his behalf. Yet everything that he says his wife would have relayed was already in the record. Thus, the Board properly rejected his initial appeal and motion to reconsider for lack of prejudice, and we will deny those parts of his petition in No. 22-1924.

All that remains of his challenge to the refusal is the same hardship claim over which we lack jurisdiction. *See Yasin*, 20 F.4th at 822–23. And though he says his lawyer should have put on more evidence, that challenge fails for the same reason. So we will dismiss those parts of his petition in No. 22-1924.

That leaves one last ineffectiveness claim. Colindres Gomez says his lawyer should have sought asylum based on his bisexuality. But he never told his lawyer that he was bisexual. And he offers no reason why his lawyer should have asked a father of three, married to a woman, whether he feared persecution based on his sexuality. The Board reasonably rejected this claim too. So we will deny his petition for review in No. 22-1924 for that one ineffectiveness claim.

3